502 P.2d 549

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Richard B. DOLAN, Defendant and Appellant.**

**No. 12907.**

Supreme Court of Utah.

Oct. 25, 1972.

Henriod, J., concurred in result.

---

Florence & Hutchison, John B. Hutchison, Rita G. James, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant wrote the following checks during a 25-day period as follows:

7–22–71 for $100.00 to K Mart
8–3–71 for $75.00 to K Mart
8–11–71 for $93.64 to Gibson's
8–14–71 for $106.05 to Gibson's
8–15–71 for $93.95 to Gibson's
8–15–71 for $97.52 to Gibson's
8–16–71 for $73.63 to Lafayette Electronics

All of these checks were returned to the payee because of insufficient funds.

On August 24, 1971, the defendant was charged with a felony based upon the two checks dated July 22 and August 3, 1971. The next day he was charged with a felony based upon the four checks dated August 11, 14, and 15. On September 10, 1971, he was charged with a misdemeanor based upon the check dated August 16. On September 14, 1971, he was bound over

to the District Court to be tried on the two felony counts. On September 17, 1971, without the advice of counsel, he entered a plea of guilty to the misdemeanor charge and was sentenced by the court to serve 90 days in the county jail. Thereafter the two felony cases were combined in two counts by an amended information pursuant to a memorandum decision of the district court. Defendant was tried, convicted, and sentenced to serve not to exceed five years in the state prison. He appeals, claiming double jeopardy.

It is interesting to note that the appellant never entered a plea of once in jeopardy at arraignment or thereafter and never offered any evidence of jeopardy at trial.

Our statute[1] provides for four pleas, to wit: (1) Guilty. (2) Not guilty. (3) A former judgment of conviction or acquittal of the offense charged. (4) Once in jeopardy.

In the case of In re Barton[2] this court held:

. . . When a person is charged with a crime before a court having jurisdiction to determine his guilt or innocence, and he claims immunity by reason of a former conviction or acquittal, the burden is upon him to plead it in answer to the charge and to establish it by his

evidence, and if he does not do so it is waived . . . .

In the instant matter the appellant undertook to raise the matter by motion only, which does not appear in the record on appeal. However, in view of the wording of the statute, we think judges and prosecutors may need some guidelines. We will give consideration to the defendant's claim of double jeopardy.

The statute under which the defendant was charged[3] reads, in part, as follows:

(2) . . .

(a) If such check, draft, or order or a series of the same made or drawn in this state within a period not exceeding six months amounts to a sum not more than $100, then a fine of not more than $299 or imprisonment in the county jail for not more than six months, or both.

(b) If such check, draft, or order or a series of the same made or drawn in this state within a period not exceeding six months amounts to a sum exceeding $100 but not $2,500, then a fine of not more than $5,000 or imprisonment in the state prison for not more than five years, or both.

(c) If such check, draft, or order or a series of the same made or drawn in this

---

1. Section 77-24-1, U.C.A.1953.

2. 6 Utah 264, 267, 21 P. 998, 999 (1889).

3. Section 76-20-11, U.C.A.1953 (1971 Pocket Supplement).

..state within a period not exceeding six months amounts to a sum exceeding $2,500, then a fine of not more than $10,000 or imprisonment in the state prison for not more than ten years, or both.

It is apparent that the prosecuting attorney combined the checks so as to give two felonies and one misdemeanor. The critical problem before us is a determination of what is meant by the words "series of the same." Since 1943 the legislature has amended the statute on bad checks five times, to wit: In 1945, 1953, 1955, 1965, and lastly in 1969. It is difficult to determine the legislative intention when amendments are so often made.

■  The statute [4] makes it unlawful to draw, utter, or deliver any worthless check with intent to defraud. It is thus unlawful and a crime to utter each check. It is the penalty to be imposed which gives the problem.

It would be difficult for the prosecuting authorities to await future complaints from persons who had been defrauded before beginning a prosecution against a check artist. For instance, if in this case the prosecutor had charged all seven checks in one information, the problem might not be solved. Suppose the defendant had written another check for $30,000, and the matter

was not brought to the attention of the prosecutor until after trial. Could the defendant escape the penalty under (c) above simply because he had already been charged under (b)? We cannot believe the legislature intended any such result.

Originally, the law provided for two crimes: A misdemeanor if a worthless check, etc., was for $50 or less, and a felony if it was for more than $50. Then the statute was amended to provide that the making and uttering of any worthless check, etc., was a crime and to provide for punishment, in the discretion of the judge, of either a term in jail of not more than one year or a term in the state prison of not more than 14 years.

■ ■  We do not believe the legislature intended to relax the law so as to aid bad check writers. We think it intended to *permit* prosecutors to group checks written within a six-month period and thus secure a felony conviction rather than proceed on numerous misdemeanor charges. We further think that the prosecutor must amass all checks *known* to him written by the accused within the six-month period prior to the last bad check, and if he fails to do so, then the penalty for any other conviction for known bad checks written during that period could not be added to the one already imposed in order to ascertain the penalty for another charge.

4.  Section 76-20-11, U.C.A.1953 (1971 Pocket Supplement).

For any check or series of checks written during the six months prior to the last one for which an accused was convicted, and discovered afterwards, no extra penalty could be enforced unless the newly discovered check or checks were large enough to require a greater penalty than the one which the accused had already incurred. In other words, if all checks written by any defendant in a six-month period total $100 or less, the total penalties to be imposed for any and all convictions thereon cannot exceed that set forth under subsection (2)(a) of the statute above set out. Likewise, if the total amount of worthless checks written during the period in question is between $100.01 and $2,500 in amount, then the penalty cannot exceed that set forth in subsection (2)(b) of the statute set out above.

The present matter would, therefore, be governed by subsection (2)(b), and since the checks written exceeded $100 and did not exceed $2,500 the proper penalty would be as pronounced by the court, to wit: not to exceed five years in the state prison.

There is no double jeopardy in this case. All the defendant is entitled to under the law is not to serve more time on all checks written during the period than the penalty prescribed for writing the checks which total more than $100 and less than $2,500. If it subsequently appears that he wrote other checks during the period which total more than $2,500, then, if convicted he could receive the penalty prescribed in subsection (2)(c) set out above. In all such cases the defendant would be entitled to credit for time served, if any, under the lesser penalty.

The judgment of the trial court is affirmed.

CALLISTER, C. J., and TUCKETT and CROCKETT, JJ., concur.

HENRIOD, J., concurs in the result.